432 P.2d 505

**STATE of Utah, Plaintiff and Respondent,**

v.

**Alex ORNELAS, Defendant and Appellant.**

**No. 10879.**

Supreme Court of Utah.

Oct. 11, 1967.

---

Phil L. Hansen, Atty. Gen., LeRoy S. Axland, Asst. Atty. Gen., Salt Lake City, for respondent.

CROCKETT, Chief Justice:

Defendant appeals from conviction in the Juvenile Court of Salt Lake County on a charge of contributing to the delinquency of a minor by "administering drugs."

The brief of the Attorney General offered no support for the position of the State. However, a perusal of this record shows that there is evidence which would justify a finding that the defendant contributed to the delinquency of a thirteen-year-old girl, Wanda Palmer, by administering to her, or being instrumental in seeing that there was administered to her, some sort of a deleterious drug.

Avoiding extensive quotation, some brief excerpts from her testimony are:

Q. * * * Then what happened * *?

Ans. He gave me an injection * * *

Q. How did he do it?

Ans. Just put it in my arm.

Q. * * * What did he put in your arm? What did he do?

Ans. A needle.

It is not unnatural that she did not know the nature of the drug. Nor is it strange that no chemical analysis was available. From her testimony it is evident

Ronald N. Boyce, Salt Lake City, for appellant.

that it produced euphoria and stupor. She further answered:.

> They just made me feel good. * * * * * * * * * *
>
> I felt kind of drowsy and I felt really good.

There is no question but that from the evidence and from the fact that through this defendant she became involved in what the evidence strongly suggests could be aptly described as a den of iniquity. There is ample basis which would support a finding that the defendant was guilty of contributing to make her a delinquent, which she undoubtedly is. But the judge did not state that his finding was based on those facts. The findings recite that the defendant "took Wanda Palmer without the knowledge or consent of the parents." Whether this finding was made thus by error or inadvertence, or because there was no chemical analysis of the drug, we have no way of knowing.

The Attorney General made an appearance only to concede that the findings are so at variance with the charge that he desired to confess error. When the defendant complains of error and a judgment is nullified at his request, what he is entitled to is a fair trial eliminating the error. See Cobb v. Snow, 14 Utah 2d 170, 380 P.2d 457, and authorities therein cited.

On the basis of this record and what has been said above, it is our judgment that this case should be remanded for a new trial, or for such further proceedings not inconsistent herewith as may seem advisable. It is so ordered.

CALLISTER, TUCKETT and ELLETT, JJ., concur.

HENRIOD, J., concurs in the result.